FILED

2011 OCT 14  PM 3: 17

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

CR 11 00973

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR NO. 11- |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1546(a): Presentation of False Immigration Document or Application; 8 U.S.C. § 1324c(e): Failure to Disclose Role in Preparing False Immigration Document; 18 U.S.C. § 1001(a)(3): False Writing or Document to Government Agency; 18 U.S.C. § 2(b): Causing Act to Be Done; 18 U.S.C. § 1028A: Aggravated Identity Theft] |
| HAOREN MA and MINGHAN DONG, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTORY ALLEGATIONS

At all times relevant to the Indictment:

1.   The Department of Homeland Security, United States Citizenship & Immigration Services ("CIS"), was an agency of the United States government charged with administering the

immigration benefit programs available to aliens seeking legal status to enter or remain in the United States.

2.    To obtain asylum in the United States, an alien was required to show that he or she had suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or was likely to suffer such persecution if the alien returned to such country.  An individual who was granted asylum could, one year after such grant, apply for lawful permanent resident status, signified by receipt of what is commonly referred to as a "green card."

3.    Alien applicants seeking asylum in the United States were required to complete a form provided by CIS called a Form I-589, Application for Asylum and Withholding of Removal.  The Form I-589 required a "detailed and specific account of the basis of [the] claim to asylum."  Among other things, the Form I-589 required a detailed explanation of any past "harm or mistreatment" in the alien's home country, and a description of any arrests, detentions, interrogations, or imprisonment.  The Form I-589 also required the alien to state whether he or she feared torture in his or her home country, and requested an explanation of the nature of the torture feared.

4.    If the Form I-589 was prepared by someone other than the applicant or a relative of the applicant, such as an attorney or other preparer, the preparer was required to set forth his or her name and address in a box labeled "Part E" on the form.

5.    The alien applicant and the preparer were required to sign the petition under penalty of perjury.  Once completed, the

2

1 | Form I-589 was submitted to and adjudicated by CIS.

2      6.   When a Form I-589 was received by CIS at a regional CIS
3 Service Center, CIS began the adjudication process by conducting
4 certain record checks and then sending the Form I-589 petition to
5 the asylum office that had jurisdiction over the applicant's
6 place of residence.  The Service Center also sent the applicant
7 and the preparer (as indicated in Box E) an acknowledgment of
8 receipt.

9      7.   The asylum office then scheduled an interview of the
10 alien applicant before an asylum officer by sending an interview
11 notice to both the applicant and the preparer of record.  To
12 obtain asylum, an applicant was required to appear for an
13 interview before an asylum officer at the asylum office that had
14 jurisdiction over his or her place of residence.

15      8.   At the asylum interview, the alien applicant could
16 present supporting documents to establish identity or to bolster
17 his or her asylum claim.

18      9.   At the asylum interview, the alien applicant was placed
19 under oath before the asylum officer questioned the applicant to
20 determine, among other things, if the applicant had a
21 well-founded fear of persecution if deported to his or her native
22 country.  The asylum officer also questioned the applicant
23 regarding the contents of his or her asylum petition.

24      10.   After the asylum interview, the asylum officer would
25 make a determination to either grant asylum, deny it, or refer
26 the alien applicant to an Immigration Judge for a final
27 determination.  If the asylum applicant was referred to an
28 Immigration Judge, a Notice to Appear for Removal Proceedings was

1   issued, and the administrative process was initiated at an

2   Immigration Court.  If the Immigration Judge denied the

3   application, the decision could be appealed to the Board of

4   Immigration Appeals or the United States Court of Appeals.

5   B.   OBJECT OF THE CONSPIRACY

6       11.  Beginning on a date unknown to the Grand Jury, and

7   continuing to on or about September 14, 2011, in Los Angeles

8   County, within the Central District of California, and elsewhere,

9   defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG"), together

10  with others known and unknown to the Grand Jury, knowingly

11  combined, conspired, and agreed to commit the following offenses

12  against the United States, namely:

13       a.    To knowingly and intentionally present, or

14  willfully cause to be presented, an application, affidavit, or

15  other document required by the immigration laws and regulations

16  prescribed thereunder, knowing that such document contained a

17  false statement with respect to a material fact or failed to

18  contain any reasonable basis in law and fact, in violation of

19  Title 18, United States Code, Sections 1546(a) and 2(b);

20       b.    To knowingly and willfully make or use, or

21  willfully cause to be made or used, a false writing or document

22  in a matter within the jurisdiction of the executive branch of

23  the government of the United States, knowing that such writing or

24  document contained a materially false, fictitious, or fraudulent

25  statement or entry, in violation of Title 18, United States Code,

26  Sections 1001(a)(3) and 2(b); and

27       c.    To knowingly fail to disclose a person's role in

28  making and presenting false immigration documents, in violation

4

1  of Title 8, United States Code, Section 1324c(e).

2  C.    THE MANNER AND MEANS OF THE CONSPIRACY

3      12.    The objects of the conspiracy were carried out, and to

4  be carried out, in substance as follows:

5          a.    Defendant MA and DONG operated a business called

6  New Arrival Immigration Services ("New Arrival"), also known as

7  "Xin Da" in the Mandarin language, in San Gabriel, California.

8  Through New Arrival, defendants MA and DONG would offer

9  assistance to aliens from China seeking to obtain immigration

10  benefits and legal status in the United States.

11          b.    Defendants MA and DONG would advertise New

12  Arrival's immigration services in the Chinese language in phone

13  books and via the Internet, and by word of mouth through the

14  Chinese immigrant community.

15          c.    When an alien sought to hire New Arrival to assist

16  the alien in obtaining immigration benefits in the United States,

17  defendants MA and DONG would inform the alien that the alien

18  could apply for religious asylum by claiming that the alien was a

19  Christian and had been persecuted in China for such religious

20  beliefs.  Defendants MA and DONG would advise aliens to make this

21  religious persecution claim to support an asylum application

22  regardless of the alien's true religion and whether the alien had

23  in fact suffered any persecution.

24          d.    Defendants MA and DONG would charge an alien who

25  engaged their services (the "alien client") approximately $3500

26  to prepare a Form I-589, submit it to CIS, and prepare the alien

27  client for her/his asylum interview with a CIS officer.

28  Defendants MA and DONG would charge additional fees if the alien

1  client required a hearing with an Immigration Judge or an appeal.

2         e.   In support of the alien client's Form I-589,

3  defendants MA and DONG would prepare a personal narrative

4  statement, which purported to describe the alien client's

5  Christian beliefs and how the alien client had been persecuted in

6  China for such beliefs.  As defendants MA and DONG knew, these

7  personal narratives were false and were based on form language

8  rather than on information provided by the alien clients.

9  Defendants MA and DONG caused these false narratives to be

10 submitted to CIS with the Forms I-589, often without the alien's

11 knowledge or consent.

12        f.   On each alien client's Form I-589, defendants MA

13 and DONG would not provide the alien's true address, but rather

14 would use an address controlled by defendants MA and DONG, such

15 as the address of defendant MA's personal residence or one of two

16 business addresses controlled by defendants MA and DONG, in order

17 to ensure that all correspondence with CIS were sent directly to

18 defendants MA and DONG rather than to the alien client.

19        g.   In the preparer box on each of the Forms I-589

20 (part "E"), defendants MA and DONG would provide a false name and

21 address for the purported document preparer, thereby concealing

22 the fact that defendants MA and DONG were the preparers of the

23 form.

24        h.   After defendants MA and DONG had prepared and

25 caused to be submitted to CIS a false Form I-589 on behalf of an

26 alien client, defendants MA and DONG would prepare the alien

27 client for his or her interview with a CIS officer by providing

28 to the alien client materials about the Christian faith, in order

1  to assist the alien client in falsely representing that they had

2  been practicing Christians in China.

3            i.   If CIS requested additional documentation to

4  support an alien client's Form I-589, defendant MA, defendant

5  DONG, and another co-conspirator would prepare additional false

6  supporting documents, including false bail receipts that appeared

7  to bear the stamps of police departments of various Chinese

8  cities, in order to provide false substantiation for the claim

9  that the alien clients had been imprisoned in China for their

10 religious beliefs.

11 D.   OVERT ACTS

12       13.   In furtherance of the conspiracy and to accomplish its

13 objects, defendants MA and DONG, together with others known and

14 unknown to the Grand Jury, committed and willfully caused others

15 to commit the following acts, among others, within the Central

16 District of California, and elsewhere:

17      Overt Act No. 1: On or about March 3, 2009, a co-conspirator

18 caused to be submitted to CIS on behalf of alien J.W. a false

19 Form I-589 to which was attached a false personal narrative, and

20 which listed a false address for alien J.W. and a false name and

21 address in Part E (Declaration of Preparer).

22      Overt Act No. 2: On or about April 9, 2009, a co-conspirator

23 caused to be submitted to CIS on behalf of alien S.X. a false

24 Form I-589 to which was attached a false personal narrative, and

25 which listed a false address for alien S.X. and a false name and

26 address in Part E (Declaration of Preparer).

27      Overt Act No. 3: On or about April 23, 2010, defendant DONG

28 told a government Confidential Informant ("CI"), who had entered

1   New Arrival Immigration Services purporting to seek immigration
2   assistance, that New Arrival could prepare for the CI an asylum
3   petition claiming that the CI was a Christian who had been
4   persecuted in China by the Chinese government, and that it did
5   not matter that the CI was not in fact a Christian.

6        Overt Act No. 4: On or about May 6, 2010, after the CI had
7   hired New Arrival to provide immigration services, defendants MA
8   and DONG provided to the CI a two-page document on Christianity
9   and instructed the CI to begin studying it to prepare for his
10  asylum interview.

11       Overt Act No. 5: On or about June 30, 2010, a co-conspirator
12  caused to be submitted to CIS on behalf of alien Y.W. a false
13  Form I-589 to which was attached a false personal narrative, and
14  which listed a false address for the CI and a false name and
15  address in Part E (Declaration of Preparer).

16       Overt Act No. 6: On or about December 20, 2010, a co-
17  conspirator caused to be submitted to CIS on behalf of alien Y.C.
18  a false Form I-589, to which was attached a false personal
19  narrative, and which listed a false address for alien Y.C. and a
20  false name and address in Part E (Declaration of Preparer).

21       Overt Act No. 7: On or about January 3, 2011, defendant MA
22  prepared and caused to be sent a letter to alien Y.C., informing
23  her that her asylum interview had been scheduled for January 18,
24  2011, and instructing her to contact him at New Arrival
25  concerning the interview.

26

27

28

COUNTS TWO THROUGH FIVE

[18 U.S.C. §§ 1546(a) and 2(b)]

14. On or about each date set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG") knowingly presented and willfully caused to be presented an application, affidavit, and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-589, Application for Asylum or Withholding of Removal, knowing that such Form I-589 contained a false statement with respect to a material fact and failed to contain any reasonable basis in law and fact, in that each Form I-589 asserted that each of the following applicants named in the Form I-589 qualified for religious asylum because the applicant had been persecuted in China for the applicant's religious beliefs, when, in truth and in fact, as defendants MA and DONG then well knew, such applicant had not been persecuted in China for the applicant's religious beliefs:

| COUNT | DATE | APPLICANT |
|---|---|---|
| TWO | March 3, 2009 | J.W. |
| THREE | April 9, 2009 | S.X. |
| FOUR | June 30, 2010 | Y.W. |
| FIVE | December 20, 2010 | Y.C. |

COUNTS SIX THROUGH NINE

[18 U.S.C. §§ 1001(a)(3) and 2(b)]

15. On or about each date set forth below, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the executive branch of the government of the United States, specifically, the United States Department of Homeland Security, Citizenship & Immigration Services, defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG") knowingly and willfully made, caused to be made, and used a false document and writing, namely, a Form I-589, Application for Asylum and/or Withholding of Removal, knowing that the Form I-589 contained a materially false, fictitious, and fraudulent statement, in that the Form I-589 asserted that each of the following applicants named in the Form I-589 qualified for religious asylum because the applicant had been persecuted in China for the applicant's religious beliefs, when, in truth and in fact, as defendants MA and DONG then well knew, such applicant had not been persecuted in China for the applicant's religious beliefs:

| COUNT | DATE | APPLICANT |
|---|---|---|
| SIX | March 3, 2009 | J.W. |
| SEVEN | April 9, 2009 | S.X. |
| EIGHT | June 30, 2010 | Y.W. |
| NINE | December 20, 2010 | Y.C. |

COUNTS TEN THROUGH THIRTEEN

[8 U.S.C. §§ 1324c(e)(1) and 2(b)]

16.    On or about each date set forth below, in Los Angeles County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the United States Department of Homeland Security, Citizenship & Immigration Services, defendants HAOREN MA ("MA") and MINGHAN DONG ("DONG") knowingly and willfully failed to disclose, concealed, and covered up the fact that they had, on behalf of each of the following applicants and for a fee or other remuneration, prepared and assisted in preparing an application for immigration benefits that was falsely made, with knowledge and in reckless disregard of the fact that the application contained a false, fictitious, and fraudulent statement and material representation, and had no basis in law and fact, namely, a Form I-589, Application for Asylum and/or Withholding of Removal, that asserted that the applicant qualified for religious asylum because the applicant had been persecuted in China for the applicant's religious beliefs, when, in truth and in fact, as defendants MA and DONG then well knew, such applicant had not been persecuted in China for the applicant's religious beliefs:

| COUNT | DATE | APPLICANT |
|---|---|---|
| TEN | March 3, 2009 | J.W. |
| ELEVEN | April 9, 2009 | S.X. |
| TWELVE | June 30, 2010 | Y.W. |
| THIRTEEN | December 20, 2010 | Y.C. |

COUNT FOURTEEN

[18 U.S.C. § 1546(a)]

17.   On or about May 6, 2011, within the Central District of California, and elsewhere, defendant HAOREN MA ("MA") knowingly presented and willfully caused to be presented an application, affidavit, and document required by the immigration laws and regulations prescribed thereunder, namely, a Form I-765, Application for Employment Authorization, knowing that such application contained a false statement with respect to a material fact and failed to contain any reasonable basis in law and fact, in that defendant MA claimed that he was an individual named G.Y., with an alien registration number ending in 618, when, in truth and in fact, as defendant MA then well knew, he was not alien G.Y. and did not have the alien registration number ending in 618.

COUNT FIFTEEN

[18 U.S.C. § 1028A(a)(1)]

18.  On or about September 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant HAOREN MA knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name of G.Y. and G.Y.'s alien registration number ending in 618, during and in relation to the felony violation of Title 18, United States Code, Section 1546(a) charged in Count Fourteen above.


A TRUE BILL


*/s/*
_____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

BEONG-SOO KIM
Assistant United States Attorney
Chief, Major Frauds Section

RANEE A. KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERI CURTIS AXEL
Assistant United States Attorney
Major Frauds Section